UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALYSON WENTWORTH (formerly known as ALYSON WOLFFERT),

        Plaintiff,

-against-

SIEMENS MEDICAL SOLUTIONS USA, INC., WANG CHANG (also known as HUGO CHANG), RICHARD LONGO, JOHN SCHABER, and WILLIAM LAURIA,

        Defendants.

Case No. 14-cv-4683 (RPP)(AJP)

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENDANT SIEMENS MEDICAL SOLUTIONS USA, INC.'S COUNTERCLAIMS AGAINST PLAINTIFF

---

Defendants Siemens Medical Solutions USA, Inc. ("Siemens"), Wang Chang (also known as Hugo Chang) ("Chang"), Richard Longo ("Longo"), John Schaber ("Schaber"), and William Lauria ("Lauria") (collectively, "Defendants"), by and through their attorneys, Reed Smith LLP, hereby answer and assert defenses to the Complaint of Plaintiff Alyson Wentworth (formerly known as Alyson Wolffert) ("Plaintiff"), as follows:

## PRELIMINARY STATEMENT[1]

1.    The allegations in paragraph 1 of the Complaint set forth a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 1 of the Complaint. Defendants respectfully refer the Court to the statutes cited in paragraph 1 of the Complaint for a complete and accurate statement of their respective provisions and any obligations imposed thereby.

---

[1] Defendants use the headers from Plaintiff's Complaint only for ease of reference and do not admit any express or implied facts contained therein.

## PARTIES

2. Defendants deny the allegations in paragraph 2 of the Complaint, except admit that Plaintiff was employed by Siemens as a Field Service Technician during the period from September 22, 2008 through and including January 15, 2014, at which time Plaintiff voluntarily resigned from her employment therewith.

3. Defendants deny the allegations in paragraph 3 of the Complaint, except admit that Chang was Plaintiff's co-worker for a period of time during her employment with Siemens.

4. Defendants deny the allegations in paragraph 4 of the Complaint, except admit that: (i) Plaintiff reported to Longo during the period from September 22, 2008 to October 31, 2010; and (ii) Plaintiff reported to Schaber during the period from November 1, 2010 to January 15, 2014.

5. Defendants deny the allegations in paragraph 5 of the Complaint, except admit that Lauria was Plaintiff's co-worker for a period of time during her employment with Siemens.

## JURISDICTION AND VENUE

6. The allegations in paragraph 6 of the Complaint set forth a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 6 of the Complaint. Defendants respectfully refer the Court to the statute cited in paragraph 6 of the Complaint for a complete and accurate statement of its respective provisions and any obligations imposed thereby.

7. The allegations in paragraph 7 of the Complaint set forth a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 7 of the Complaint. Defendants respectfully refer the Court to the statute cited in paragraph 7 of the Complaint for a complete and accurate statement of its respective provisions and any obligations imposed thereby.

8. The allegations in paragraph 8 of the Complaint set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 8 of the Complaint.

9. The allegations in paragraph 9 of the Complaint set forth a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 9 of the Complaint.

## DEMAND FOR TRIAL BY JURY

10. Plaintiff's demand for a trial by jury, in paragraph 10 of the Complaint, does not warrant or require a response from Defendants. To the extent that a response is required, Defendants do not consent to a trial by jury.

## STATEMENT OF FACTS

11. Defendants deny the allegations in paragraph 11 of the Complaint, except admit that Plaintiff was employed by Siemens as a Field Service Technician during the period from September 22, 2008 through and including January 15, 2014, at which time Plaintiff voluntarily resigned from her employment therewith.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's feelings, emotions, or state of mind.

19. Defendants deny the allegations in paragraph 19 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged "anxiety attack."

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint, except admit that Siemens intended to discipline Plaintiff, in or around April 2013, for misconduct in which Plaintiff admitted engaging.

31. Defendants deny the allegations in paragraph 31 of the Complaint, except admit that, in or around April 2013, Plaintiff requested, and Siemens granted her, a leave of absence.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint, except admit that, on or around January 15, 2014, Plaintiff voluntarily resigned from her employment with Siemens.

## FIRST CLAIM

35. Defendants reassert and reallege paragraphs 1 through 34 of this Answer as if fully set forth herein.

36. The allegations in paragraph 36 of the Complaint set forth a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 36 of the Complaint. Defendants respectfully refer the Court to the statute cited in paragraph 36 of the Complaint for a complete and accurate statement of its respective provisions and any obligations imposed thereby.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

## SECOND CLAIM

38. Defendants reassert and reallege paragraphs 1 through 37 of this Answer as if fully set forth herein.

39. The allegations in paragraph 39 of the Complaint set forth a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 39 of the Complaint. Defendants respectfully refer the Court to the statute cited in paragraph 39 of the Complaint for a complete and accurate statement of its respective provisions and any obligations imposed thereby.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

## THIRD CLAIM

41. Defendants reassert and reallege paragraphs 1 through 40 of this Answer as if fully set forth herein.

42. The allegations in paragraph 42 of the Complaint set forth a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the

allegations in paragraph 42 of the Complaint. Defendants respectfully refer the Court to the statute cited in paragraph 42 of the Complaint for a complete and accurate statement of its respective provisions and any obligations imposed thereby.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

## FOURTH CLAIM

47. Defendants reassert and reallege paragraphs 1 through 46 of this Answer as if fully set forth herein.

48. The allegations in paragraph 48 of the Complaint set forth a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 48 of the Complaint. Defendants respectfully refer the Court to the statute cited in paragraph 48 of the Complaint for a complete and accurate statement of its respective provisions and any obligations imposed thereby.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

## FIFTH CLAIM

51. Defendants reassert and reallege paragraphs 1 through 50 of this Answer as if fully set forth herein.

52. The allegations in paragraph 52 of the Complaint set forth a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 52 of the Complaint. Defendants respectfully refer the Court to the

statute cited in paragraph 52 of the Complaint for a complete and accurate statement of its respective provisions and any obligations imposed thereby.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

### PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint, including subparts (i) through (xiii) thereof, and deny the factual allegations, if any, contained therein.

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or governing administrative time limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to comply with or exhaust administrative, internal, and/or statutory remedies and/or prerequisites for bringing her claims.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, due to lack of standing or jurisdiction, and/or by the doctrines of unclean hands, laches, estoppel, consent, release, ratification, privilege and justification, acquiescence, accord and satisfaction, payment and release, and/or waiver.

### FIFTH DEFENSE

Plaintiff's claims are preempted, in whole or in part, by the Labor Management Relations

Act, the National Labor Relations Act, and/or the Employee Retirement Income Security Act.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, against, and Plaintiff may not seek recovery from, Chang, Longo, Schaber, or Lauria in their respective individual capacities.

## SEVENTH DEFENSE

Defendants never subjected Plaintiff to any discriminatory, harassing, or retaliatory treatment during the course of her employment, nor was Plaintiff ever treated less favorably than similarly-situated employees. Indeed, Defendants have not discriminated, harassed, or retaliated against Plaintiff, but rather have at all times treated her fairly and in accordance with the law.

## EIGHTH DEFENSE

Plaintiff voluntarily resigned from her employment with Siemens. Her separation from employment did not occur under any circumstances giving rise to a cause of action for constructive discharge.

## NINTH DEFENSE

Any adverse employment action(s) to which Plaintiff was purportedly subjected was the sole result of and undertaken exclusively for legitimate, nondiscriminatory and nonretaliatory business reasons.

## TENTH DEFENSE

Plaintiff did not exercise any legally-protected rights or engage in any protected activity that would give rise of a cause of action for retaliation, and Defendants never disciplined, retaliated, or took any adverse employment action against Plaintiff for exercising any legally-protected rights or engaging in any protected activity.

## ELEVENTH DEFENSE

Plaintiff never complained about, opposed, or reported any conduct or practice, or undertook any other activity, that would deter a person from engaging in protected activity.

## TWELFTH DEFENSE

Plaintiff was never subjected to either harassment or a hostile, offensive, or abusive work environment, nor does the conduct about which she complains rise to a level constituting actionable harassment or an actionable hostile work environment.

## THIRTEENTH DEFENSE

To the extent that Plaintiff alleges that she was discriminated, harassed, or retaliated against based, in part, on illegal factors, which is denied, Defendants would have made the same decision(s) based on legal factors.

## FOURTEENTH DEFENSE

At all times during her employment, Plaintiff was fully aware that Siemens had in place effective policies, reporting procedures, and training reasonably designed to prevent or remedy any discrimination or harassment in the workplace ("Programs"), and Plaintiff either failed to avail herself of such Programs or such Programs remedied any alleged discrimination or harassment towards Plaintiff.  To the extent that Plaintiff availed herself of the Programs, and raised any complaints of allegedly improper or unlawful conduct with Defendants, Defendants took prompt, remedial action that stopped and/or was reasonably calculated to stop the alleged conduct.

## FIFTEENTH DEFENSE

Without conceding or admitting any of Plaintiff's allegations of wrongdoing, Defendants state that no discriminatory, harassing, and/or retaliatory conduct was perpetrated by any of Siemens' employees who possessed the authority to take a tangible employment action against

Plaintiff.

### SIXTEENTH DEFENSE

Upon information and belief, Plaintiff has failed, in whole or in part, to mitigate her purported damages.

### SEVENTEENTH DEFENSE

Plaintiff does not have any statutory or other basis for recovering damages, compensatory damages, economic damages, liquidated damages, punitive damages, lost wages, lost employment benefits, equitable relief, declaratory relief, attorneys' fees, disbursements, interest, and/or costs or expenses of suit in this action.

### EIGHTEENTH DEFENSE

Plaintiff's damages, if any, were caused, in whole or in part, by her own acts or omissions, and her claims are therefore barred or limited by the doctrines of comparative or contributory negligence and/or the doctrine of avoidable consequences.

### NINETEENTH DEFENSE

Any claims for punitive damages are barred because Defendants acted in good faith and, at all times, reasonably believed that their conduct was in compliance with the law, and, under the circumstances of this action, an award of punitive damages would violate the United States and New York Constitutions and statutes.

### TWENTIETH DEFENSE

Any claims for punitive damages are barred to the extent that Defendants' alleged conduct was not willful, egregious, wanton, or in reckless disregard of Plaintiff's rights and not committed by the level of actors required by law for such damages.

### TWENTY-FIRST DEFENSE

If Defendants perpetrated any of the acts or omissions alleged in Plaintiff's Complaint, all of which Defendants deny, then Defendants assert that said acts or omissions were not carried out willfully, knowingly, intentionally, recklessly, or with any fraud or malice towards Plaintiff.

### TWENTY-SECOND DEFENSE

No action or omission of Defendants was the proximate cause of any alleged injury, loss, or damage to Plaintiff, and, thus, the Complaint and all claims stated therein should be dismissed because there exists no causal connection between the asserted claims and any damages that Plaintiff has allegedly suffered.

### TWENTY-THIRD DEFENSE

Defendants are not liable for the alleged damages because, if any person or entity engaged in any of the conduct alleged in the Complaint, such conduct was undertaken without the knowledge (whether actual or constructive), authorization, or ratification of Defendants, and/or was undertaken by persons or entities over whom Defendants had no control or authority to control.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred or limited by the exclusivity provisions of the New York Worker's Compensation Act.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of After-Acquired Evidence.

Defendants hereby reserve their right to assert such other and further defenses to Plaintiff's Complaint as further investigation and discovery of the facts may warrant.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any of the relief demanded in her Complaint, and respectfully request that the Court enter judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint in its entirety and with prejudice, and awarding Defendants their attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

## SIEMENS' COUNTERCLAIMS AGAINST PLAINTIFF

Siemens, by its undersigned counsel, for its Counterclaims against Plaintiff, hereby alleges as follows:

### PARTIES

1. Siemens is a corporation that conducts business in the City and State of New York.

2. Upon information and belief, Plaintiff is a resident of the State of New York. Plaintiff is a former employee of Siemens.

### JURISDICTION AND VENUE

3. This Court has supplemental jurisdiction over Siemens' Counterclaims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Plaintiff because Plaintiff brought the underlying Complaint in this action in the State of New York, Plaintiff was formerly employed by Siemens in the State of New York, and, upon information and belief, Plaintiff is a resident of the State of New York.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff filed the underlying lawsuit in this District and a substantial part of the events or omissions giving rise to Siemens' Counterclaims occurred within this District.

## DEMAND FOR TRIAL BY JURY

6. Siemens hereby demands a trial by jury on all issues so triable.

## STATEMENT OF FACTS

7. Plaintiff was employed by Siemens as a Field Service Technician during the period from September 22, 2008 through and including January 15, 2014.

8. During the course of her employment with Siemens, Plaintiff was provided with certain tools and other property of Siemens, including but not limited to tool kits/sets, a service kit, leak detectors, a voltage kit, a refill adapter, accessory tools, and an oxygen level meter (collectively, the "Tools"), in order to perform the functions of her position.

9. Upon separation from employment with Siemens (for any reason), employees of Siemens are required to promptly, but in any event no later than the effective date of separation, return to Siemens any of Siemens' tools and other property provided by Siemens to such employees during the course of their employment. As such, Plaintiff was required, and was aware that she bore an obligation, to return the Tools to Siemens upon her separation from employment therewith.

10. Plaintiff voluntarily resigned from her employment with Siemens on January 15, 2014.

11. As of July 31, 2014, Plaintiff has failed to return the Tools to Siemens and continues to withhold the Tools from Siemens.

12. Upon information and belief, the Tools, whose value Siemens estimates equals an amount not less than $34,871.82 plus interest, costs, fees, and expenses, remain improperly in Plaintiff's possession, custody, and/or control.

## FIRST COUNTERCLAIM
### (Conversion)

13. Siemens repeats and realleges each and every allegation contained in paragraphs 1 through 12 of its Counterclaims as if set forth fully herein.

14. The Tools provided to Plaintiff by Siemens are, and at all relevant times hereto were, owned and constitute the exclusive property of Siemens.

15. Since her resignation on January 15, 2014, Plaintiff has not, at any time, been authorized by Siemens to possess, control, retain, or use the Tools.

16. Plaintiff has wrongfully failed to return the Tools to Siemens.

17. Upon information and belief, Plaintiff remains in possession, custody, or control of and/or claims ownership to the Tools. Plaintiff has thereby impermissibly exercised, and continues to exercise, her unauthorized dominion over materials in which Siemens possesses a proprietary right and interest.

18. By and through the aforementioned acts of theft and conversion, Plaintiff has deliberately interfered with and blatantly violated Siemens' proprietary right and interest in the Tools.

19. Plaintiff's acts of conversion have occurred at the expense and in derogation of Siemens' rights, and have resulted in a deprivation by Siemens of the use, enjoyment, and benefit of the Tools.

20. As a direct and proximate result of the wrongful conduct by Plaintiff, Siemens has suffered damages in an amount to be proven at trial but not less than $34,871.82 plus interest, costs, fees, and expenses.

## SECOND COUNTERCLAIM
### (Unjust Enrichment)

21. Siemens repeats and realleges each and every allegation contained in paragraphs 1 through 20 of its Counterclaims as if set forth fully herein.

22. Plaintiff has, without justification, intentionally and wrongfully taken and converted the Tools for her own enrichment, personal gain, and/or beneficial use, to Siemens' detriment.

23. As a result, a benefit was conferred upon Plaintiff that has caused her to be unjustly enriched at the expense of Siemens.

24. Injustice can only be avoided by compensating Siemens for this unjust enrichment. Indeed, equity and good conscience militate against permitting Plaintiff to retain that which Siemens is seeking to recover.

25. As a direct and proximate result of the wrongful conduct by Plaintiff, Siemens has suffered damages in an amount to be proven at trial but not less than $34,871.82 plus interest, costs, fees, and expenses.

**WHEREFORE**, Siemens demands judgment against Plaintiff as follows:

a. Awarding monetary damages against Plaintiff in an amount to be proven at trial but not less than $34,871.82;

b. Enjoining Plaintiff from her continued use, retention, possession, custody, and control of the Tools;

c. Awarding Siemens reasonable attorneys' fees, costs, and expenses of suit;

d. Awarding pre- and post-judgment interest; and

e. Granting such other relief that the Court deems just, proper, and equitable.

| | |
|---|---|
| Dated: New York, New York<br>July 31, 2014 | Respectfully submitted,<br><br>**REED SMITH LLP**<br><br>By: _____<br>Cindy Schmitt Minniti<br>Mark S. Goldstein<br>599 Lexington Avenue<br>New York, N.Y. 10022<br>(212) 521-5400<br><br>*Attorneys for Defendants* |